UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF LOUISIANA

IN RE:                                               CASE NO. 12-10998

OSCAR & KAREN BROOKS                                 CHAPTER 13

DEBTORS                                              SECTION "B"

## ORDER WITH REASONS

This matter came before the court on July 18, 2012 as a hearing on the

confirmation of the debtors' Chapter 13 plan (P-12) and the objection thereto (P-21) filed

by creditor 21st Mortgage Corporation.  The court has considered the stipulation made by

the parties at the hearing, the arguments of counsel and the briefs submitted by counsel.

Accordingly,

IT IS ORDERED that 21st Mortgage has an allowed secured claim of $24,000.00.

At issue is the value of the debtors' mobile home, against which 21st Mortgage has

a secured claim.  The debtors argue for a value of $16,000.00, and 21st Mortgage argues

for a value of $24,000.00.  Both parties agree that 11 U.S.C. § 506(a)(2) is the applicable

law for determining the value of the mobile home.  Section 506(a)(2) states:

> If the debtor is an individual in a case under chapter 7 or 13, such value
> with respect to personal property securing an allowed claim shall be
> determined based on the replacement value of such property as of the date
> of the filing of the petition without deduction for costs of sale or marketing.
> With respect to property acquired for personal, family, or household
> purposes, replacement value shall mean the price a retail merchant would
> charge for property of that kind considering the age and condition of the
> property at the time the value is determined.

The parties stipulated at the hearing that under Louisiana law the mobile home is a

1

vehicle, that it is movable property, and that they agree to an "as is, where is" value of $24,000.00 for the mobile home.

The debtor argues that a further deduction of $8,000 should be made, representing the costs that would be incurred if the mobile home were to be disassembled, moved and reassembled.  This would leave 21st Mortgage with a secured claim of $16,000.  The debtors' rationale for this deduction is that if the mobile home were sold, either at private sale or through foreclosure, then these costs would be incurred in moving the home.  It is important to note, however, that the debtors plan to continue using the home as a residence; they do not plan to sell it or to move it.

21st Mortgage argues that no deduction should be made because the court is supposed to consider the proposed disposition or use of the property when making its valuation, and the debtors propose to continue living in the mobile home at the same location that it has been in since they bought it.

In *Associates Commercial Corp. v. Rash,* 520 U.S. 953, 117 S.Ct. 1879, 138 L.Ed.2d 146 (1997), the United States Supreme Court focused on the language in § 506(a)(1), which states in pertinent part, "such value shall be determined in light of the purpose of the valuation and of the proposed disposition or use of such property."  The court stated:

> Tying value to the actual 'disposition or use' of the property points away from a foreclosure-value standard when a Chapter 13 debtor, invoking cram down power, retains and uses the property.  Under that option, foreclosure is averted by the debtor's choice and over the creditor's objection.  From the creditor's perspective as well as the debtor's, surrender and retention are

2

not equivalent acts.[1]

Because the debtors in this case propose to keep the mobile home, they cannot deduct

from 21st Mortgage's secured claim the costs of moving the home.

New Orleans, Louisiana, August 16, 2012.

Jerry A. Brown
U.S. Bankruptcy Judge

---

[1] *Rash*, 520 U.S. at 962.